NO.   94-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

CINDY ANN ANSELL, f/k/a
CINDY ANN ELSER,

        Petitioner and Appellant,

    and

DAN ROY ELSER,

        Respondent and Respondent.

FILED

MAY 23 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twenty-First Judicial District,
             In and for the County of Ravalli,
             The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Howard C. Greenwood, Hamilton, Montana

        For Respondent:

            Philip J. O'Connell, O'Connell, Beers & Alterowitz,
            Missoula, Montana


                        Submitted on Briefs:   February 16, 1995

                                Decided:  May 23, 1995
Filed:

                        Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Cindy Ann Ansell, formerly known as Cindy Ann Elser (Cindy), appeals from the findings, conclusions, and order of the Twenty-First Judicial District Court, Ravalli County, denying her motion for an order permitting her to remove her minor children to a permanent residence outside of Montana and granting Dan Roy Elser's (Dan) motion to appoint him primary residential custodian if Cindy proceeds with her relocation. We affirm.

The District Court dissolved Cindy's and Dan's marriage via a final decree of dissolution dated November 17, 1993. Pursuant to the terms of a separation agreement incorporated into the final decree, Cindy and Dan were awarded joint custody of Amber and Jaimie, their two minor daughters; Cindy was designated the children's primary residential custodian. Dan was granted visitation rights on alternating weekends and major holidays, residential custody for two months in the winter, and any other visitation agreed to by Cindy and Dan which would not interfere with the children's education and social activities. The separation agreement also provided that "[n]either party shall remove any of the minor children to a permanent residence outside the State of Montana without the other party's prior written consent or prior approval of a court having proper jurisdiction over the minor children . ."

Cindy resided in Hamilton with the children after the dissolution; Dan maintained a residence in Corvallis. Cindy, a radiology assistant, desired to continue her education and applied

for admission to the radiology technician program at St. Patrick's Hospital in Missoula. After St. Patrick's denied her application, Cindy notified Dan of her intention to relocate with the children to Kansas and enroll in the University of Kansas' radiology technician program. Dan refused to consent to the relocation.

Cindy moved the District Court for an order permitting her to remove the children to a permanent residence outside of Montana. She included a proposed visitation modification whereby Dan would be allowed to have his two-month custody of the girls during the summer instead of the winter and visitation on alternating major holidays. Dan objected to the children's relocation and moved the court to designate him as their primary residential custodian in the event Cindy relocated out of state. The District Court denied Cindy's motion and ordered that Dan would become the children's primary residential custodian in the event Cindy left Montana. Cindy appeals.

Did the District Court abuse its discretion in granting
Dan's motion to modify custody?

At the outset, we note the parties' disagreement over which statutory standards were applicable to their respective, and each other's, motions in the District Court and clarify which statutes apply to this case. Dan's motion sought modification of the existing custody arrangement via his appointment as the children's primary physical custodian in the event Cindy moved out of state. Shortly after the District Court's grant of that motion, we adopted a new standard for evaluating motions in the joint custody context which seek a significant change in physical custody without regard

3

to whether a change in the formal joint custody designation is sought:

> [M]otion[s] or petition[s] to modify child custody provisions in a dissolution decree which have the effect of substantially changing the primary residence of the parties' children, even though the formal designation of "joint custody" is retained, are to be construed as motions or petitions to terminate joint custody and must satisfy the jurisdictional requirements set forth in § 40-4-219, MCA.

In re Marriage of Johnson (1994), 266 Mont. 158, 166, 879 P.2d 689, 694. It is a general rule that an appellate court must apply the law in effect at the time it renders its decision. Haines Pipeline v. MPC (1991), 251 Mont. 422, 433, 830 P.2d 1230, 1238.

Dan's motion, if successful, would reverse the children's physical custody arrangements by appointing him primary physical custodian of the children; it clearly would have the effect of substantially changing the children's physical custody. Pursuant to Marriage of Johnson, therefore, Dan's motion must be construed as a motion to terminate joint custody to which § 40-4-219, MCA, applies. In order to modify custody under that statute, a court must determine that the circumstances of the child or custodian have changed since entry of the decree, one of the factors contained in subsection (1)(a) through (f), exists, and the best interests of the child require modification; only then may the court exercise its discretion to modify custody. Section 40-4-219(1), MCA; In re Marriage of Allison (Mont. 1994), 887 P.2d 1217, 1223, 51 St.Rep. 1502, 1506.

Cindy's motion, on the other hand, sought to change the children's residence without significantly modifying custody

4

arrangements. Under § 40-6-231, MCA, "[a] parent entitled to the custody of a child has a right to change his residence, subject to the power of the proper court to restrain a removal which would prejudice the rights or welfare of the child." We previously have determined that the "prejudice" standard in § 40-6-231, MCA, is essentially the best interest standard in reverse. See In re Marriage of Bergner (1986), 222 Mont. 305, 310-11, 722 P.2d 1141, 1145. In other words, a "prejudice" determination under § 40-6-231, MCA, is the legal equivalent of a "not in the child's best interest" determination. As a result, and contrary to Cindy's argument that it was necessary for the District Court to make a specific determination of prejudice before denying her motion, the best interest standard applies to Cindy's motion to change the children's residence to Kansas.

As our discussion clarifies, the District Court's ruling on both motions ultimately rested on application of the best interest of the children standard. As a result, if the court did not err in granting Dan's motion under § 40-4-219, MCA, which includes the best interest standard, it did not err in denying Cindy's motion under the best interest standard.

In addressing Dan's motion to modify, the District Court specifically found that Cindy's proposed move constituted a change in the children's circumstances which had arisen after the dissolution decree was entered. Cindy does not challenge this § 40-4-219(1), MCA, finding.

The court also found that Cindy's intent to change the

5

children's residence to Kansas met the factor set forth in § 40-4-219(1)(f), MCA. Cindy contends that the existence of the subsection (1)(f) factor is insufficient. Relying on In re Marriage of Miller (1992), 251 Mont. 300, 825 P.2d 189, she argues that the District Court could not grant Dan's motion to modify without first determining under § 40-4-219(1)(c), MCA, that the children's environment in her physical custody seriously endangered them. Neither the statute nor Marriage of Miller supports Cindy's argument.

As set forth above, the statute is clear that the court need find the existence of only one of the factors listed in § 40-4-219(1)(a)-(f), MCA. Moreover, the motion to modify custody in Marriage of Miller was brought pursuant to § 40-4-219(1)(c), MCA, which requires a determination that the present environment seriously endangers the child's physical, mental, moral, or emotional health. Marriage of Miller, 825 P.2d at 192. Indeed, subsection (1)(c) forms the basis for many motions to modify custody. See, e.g., In re Marriage of Gallagher (1994), 266 Mont. 358, 361, 880 P.2d 1303, 1306; In re Marriage of Morazan (1989), 237 Mont. 294, 298, 772 P.2d 872, 874. Here, however, the District Court found the existence of the § 40-4-219(1)(f), MCA, factor. Nothing in the statute or Marriage of Miller requires more.

The District Court having properly found two of the three § 40-4-219, MCA, criteria, we need only review its findings that the move to Kansas is not in the children's best interests. Cindy argues that the record supports findings that spending **time** with

6

the children was not a priority for Dan and that he could have spent much more time with the children. However, her argument ignores the applicable standards of review.

We review a district court's findings relating to custody modification to determine whether those findings are clearly erroneous. Marriage of Johnson, 879 P.2d at 694 (citation omitted). Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces it that a mistake has been made. Marriage of Johnson, 879 P.2d at 694 (citation omitted). We will reverse a court's decision to modify custody or visitation only where an abuse of discretion is clearly demonstrated. In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723.

The District Court first found that the high cost of travel and the impossibility of scheduling a time which coordinated with the children's school schedule and Dan's work schedule would deprive Dan of meaningful custody and visitation. It also found that Dan was committed to being an active parent who was involved with his children as much as possible and that Cindy agreed with Dan that it was important for the children to visit with Dan. Based on these findings, the District Court ultimately found that moving to Kansas was not in the children's best interest.

Ample evidence supports the court's finding that the children's school schedule and Dan's work schedule would make scheduling Dan's two-month extended visitation during the summer

7

is committed to being an active parent. The record reflects both Dan's belief in the importance of spending **as** much **time** as possible with his children and that he visited them nearly every other weekend and as often as permitted by his work schedule. Furthermore, Dan's concern about the children's welfare was supported by the fact that, although he has experienced financial difficulty, he continued to make child support payments and, at Cindy's request, paid the entire amount owed to the children's day care and school so they could continue attending.

We conclude that substantial evidence supports the District Court's finding that the proposed relocation to Kansas was not in the children's best interest. The court did not misapprehend the effect of the evidence and we are not left with the firm conviction that a mistake was made. We hold, therefore, that the District Court did not abuse its discretion in granting Dan's motion to modify custody and appoint him primary custodian if Cindy moved to a permanent residence outside of Montana.

Because of our holding, we need not address Cindy's argument relating to attorney fees.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

9

_____

_____
William Rehnquist
Justices

10

May 23, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Howard C. Greenwood
Attorney at Law
P.O. Box 1567
Hamilton, MT 59840

Philip J. O'Connell
Connell, Beers & Alterowitz
P.O. Box 7307
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy