No.  95-197

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

NOREEN MAAG, formerly NOREEN HANSEN,

       Petitioner and Appellant,

  and

KEVIN HANSEN,

       Respondent and Respondent.

FILED

NOV 07 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt,
The Honorable David J. Cybulski, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Arnie A. Hove, Attorney at Law, Circle, Montana


      For Respondent:

          Laura Christoffersen; Christoffersen & Knierim,
Wolf Point, Montana


Submitted on Briefs:  October 19, 1995

Decided: November 7, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Company.

Noreen Maag appeals from the March 21, 1995, Findings of Fact, Conclusions of Law and Order of the Fifteenth Judicial District Court, Roosevelt County, modifying the custody of the parties' minor children. We affirm.

The following issues are raised on appeal:

1.    Did the District Court abuse its discretion when it modified the custody of the parties' children?
2.    Did the District Court err in adopting, almost verbatim, the Respondent's Proposed Findings of Fact and Conclusions of Law?

This case arises out of a protracted custody dispute between Noreen [Hansen] Maag (Noreen) and Kevin Hansen (Kevin). Three children were born to the parties, namely, Darryl Wayne Hansen, Jennifer Rose Hansen, and Amanda Louise Hansen. Darryl was born in 1981 while the parties were married. After their dissolution in 1983, Kevin and Noreen lived together but did not remarry. Jennifer and Amanda were born in 1986 and 1987 respectively, several years after Kevin's and Noreen's marriage was dissolved. In 1988, when the parties again separated, the court awarded Noreen and Kevin joint custody of the children. Kevin was awarded primary physical custody of Darryl, while Noreen was awarded primary physical custody of Jennifer and Amanda. Amidst claims of sexual

2

abuse of the two girls while in Noreen's custody, Kevin petitioned for, and was awarded, primary temporary physical custody of the girls in 1991.

Since January of 1991, the children have resided exclusively with Kevin and the parties have been embroiled in an ongoing dispute over the custody of the children. Currently, Kevin, his wife, Kevin's three step-children, Darryl, Jennifer, and Amanda all reside together in the state of Arizona. After living in Illinois for a time with her former husband, Noreen returned to Montana and is now married to Mark Maag. Noreen appeals from the District Court's custody determination.

1. Did the District Court abuse its discretion when it modified the custody of the parties' children?

In reviewing a district court's findings relating to custody or visitation modification, we determine whether those findings are clearly erroneous. In re Marriage of Elser (Mont. 1995), 895 P.2d 619, 622, 52 St.Rep. 434, 436 (citing In re Marriage of Johnson (1994), 266 Mont. 158, 166, 879 P.2d 689, 694). This Court will overturn a district court's decision to modify custody or visitation only where an abuse of discretion is clearly demonstrated. Marriage of Elser, 895 P.2d at 622 (citing In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723).

In the March 21, 1995, Findings of Fact, Conclusions of Law and Order, the District Court awarded Kevin primary physical custody of Darryl, Jennifer, and Amanda during the school year, while Noreen was granted visitation during the summer. The parties remain joint custodians of the children. In making its custody

3

determination, the District Court considered the factors set forth in §§ 40-4-212 and 40-4-219, MCA. The District Court addressed the "best interest" factors enumerated in § 40-4-212, MCA, when it noted that the children have lived with their father for most of their lives, that the children are close to their step-siblings, and that the children are well adjusted to their home, school, and community. These factors, reflected in the findings, support the District Court's custody determination.

Further, we note that the District Court's findings also support modification of custody pursuant to § 40-4-219, MCA.

Section 40-4-219, MCA, provides in relevant part:

The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or the child's custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:

. . .

(c) the child's present environment endangers seriously the child's physical, mental, moral, or emotional health and that the harm likely to be caused by a change of environment is outweighed by its advantages to the child;

. . .

(e) the custodian willfully and consistently:
(i) refuses to allow the child to have any contact with the noncustodial parent; or
(ii) attempts to frustrate or deny the noncustodial parent's exercise of visitation rights; or
(f) the custodial parent has changed or intends to change the child's residence to another state.

. . .

(4) The court may modify the prior decree based on

4

subsection (1)(f) to provide a new visitation schedule and to apportion transportation costs between the parents.

The findings reflect that Noreen has attempted to frustrate Kevin's visitation on several occasions. For example, pursuant to § 40-4-219(1)(e)(ii), MCA, the District Court found that Noreen failed to send the children to meet Kevin at the Dells, Wisconsin, and on another occasion, she refused to return Darryl to Kevin after a weekend visit. Further, the District Court noted, pursuant to § 40-4-219(1)(f), MCA, that Kevin had changed the children's residence to another state. The District Court also found that there had been a substantial change in circumstances which would warrant a change in custody. The court noted that the children had all reached school age, that Noreen had twice remarried and moved to and from Illinois, and that Kevin and the children had moved to Arizona.

Further, in their April 11, 1990 custody and visitation agreement, the parties themselves recognized that a change in custody would be necessary when the girls began to attend school. Accordingly, the District Court noted that even without the 1991 temporary custody order, custody would have again been an issue as soon as the girls began attending school. We conclude that the District Court's findings are not clearly erroneous and that the District Court did not abuse its discretion in making its custody determination.

2. Did the District Court err in adopting, almost verbatim, the Respondent's Proposed Findings of Fact and Conclusions of Law?

Noreen alleges that the District Court erred in adopting

5

Kevin's Proposed Findings of Fact and Conclusions of Law. Although the District Court's findings are substantially similar to Kevin's proposed findings, we note that the District Court made some additional findings relating to Kevin's knowledge of the children's teachers and their home computer, which are not contained in the proposed findings.

Rule 52(a), M.R.Civ.P., provides that:

> The court may require any party to submit proposed findings of fact and conclusions of law for the court's consideration and the court may adopt any such proposed findings or conclusions so long as they are supported by the evidence and law of the case.

In reviewing the adequacy of findings of fact and conclusions of law, we examine whether they are sufficiently comprehensive and pertinent to provide a basis for a decision, and whether they are supported by substantial evidence. In re Marriage of Allison (1994), 269 Mont. 250, 265, 887 P.2d 1217, 1226.

We conclude that the District Court's findings and conclusions satisfy Rule 52(a), M.R.Civ.P. The findings are in depth, comprehensive, pertinent, and supported by substantial evidence contained in the record. The findings provide an underlying foundation and basis for the court's custody determination. Accordingly, we hold that the District Court did not err by issuing findings and conclusions substantially similar to Kevin's proposed findings and conclusions.

Affirmed.

_/s/ W. William Leaphart_
Justice

6

We concur:

_____
Terry Trieweiler

_____
William E. Hunt Sr.

_____

_____
Karla M. Gray
                Justices

7