No. 97-069

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


IN RE MARRIAGE OF

JOSEPH R. NEVIN, II,

Petitioner and Respondent,

and

SUSAN A. NEVIN,

Respondent and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone
                The Honorable Diane G. Barz, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Mark D. Parker; Parker Law Firm;
        Billings, Montana

For Respondent:

Gregory R. Todd; Hanson, Roybal, Lee & Todd;
        Billings, Montana


                        Submitted on Briefs: July 17, 1997

                        Decided: September 22, 1997
                        Filed:


        _____
                        Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Joseph R. Nevin, after his divorce from Susan A. Nevin, obtained an order from the District Court for the Thirteenth Judicial District in Yellowstone County which required Susan to show cause why she should not be held in contempt for refusing to allow Joseph to exercise visitation with their sons. After a hearing held in response to the order, the court held Susan in contempt for failing to allow visitation and failing to notify the court that custody and visitation were being disallowed. Susan purged the contempt by reinstating visitation. Susan appeals from the District Court's contempt order and its finding that Susan has serious emotional problems. We affirm in part and reverse in part the judgment of the District Court.

The following issues are raised on appeal:

1. Did the District Court abuse its discretion when it held Susan in contempt for refusing to allow visitation?

2. Did the District court err when it found that Susan is a hysterical, distressed mother with serious emotional problems?

3. Did the District Court err when it denied Susan's motion to modify custody?

FACTUAL BACKGROUND

On December 12, 1994, the petitioner, Joseph Nevin, filed an action in the District Court for the Thirteenth Judicial District in Yellowstone County to dissolve his marriage to his wife, Susan. The parties entered into a separation agreement which awarded primary residential custody of the couple's two minor children to Susan and gave Joseph reasonable rights of visitation. The final decree of dissolution, dated September 18, 1995, incorporates the separation agreement.

After allegations of sexual abuse of the parties' older son, Gabe, were reported, Susan took Gabe to a clinical psychologist who recommended that Susan temporarily interrupt visitation between Joseph and his sons until the situation could be further investigated. Susan did so in April 1996. Joseph responded by asking that Susan be held in contempt.

On October 15, 1996, Susan was ordered to show cause why she should not be held in contempt for her refusal to allow visitation pursuant to the decree of dissolution and separation agreement. Susan responded with a motion to modify custody in accordance with the recommendations of the psychologist. The hearing on Joseph's motion to hold Susan in contempt was held on December 24, 1996. The court concluded that Susan was in contempt for "failing to notify the [c]ourt appropriately that custody and visitation were being cut off." The court also found "Susan Nevin to be a hysterical, distressed mother with serious emotional problems of her own." With regard to modification of the custody arrangement, the court held that "the Decree that was filed

as of September [19]95 shall remain in full force and effect." The court further held that

"Susan Nevin can be purged of the contempt provisions or contempt citations by following the provisions of the Decree beginning Saturday, December 28th in lieu of the Christmas holiday season and extending at least four days into January of 1997." The court added that Susan's punishment would be purged if she complied with the provisions for custody and visitation set forth in the decree of dissolution "from this day forward."

Susan complied with the judge's order and the children have had visitation with Joseph since December 28, 1996. Susan appeals from the findings of the District Court.

## ISSUE 1

Did the District Court abuse its discretion when it held Susan in contempt for refusing to allow visitation?

We have held that although contempt orders are final and not reviewable on appeal, except by writ of certiorari, an exception is created for contempt orders in family law cases. See In re Marriage of Heath (1995), 272 Mont. 522, 527, 901 P.2d 590, 593. We have also held that "[a] defeated party's compliance with the judgment renders his appeal moot only where the compliance makes the granting of effective relief by the appellate court impossible." Montana Nat'l Bank of Roundup v. State Dep't of Revenue (1975), 167 Mont. 429, 432-33, 539 P.2d 722, 724.

After the District Court held Susan in contempt on December 24, 1996, Susan purged herself of contempt by permitting Joseph to visit his sons. Susan has continued her compliance with the judge's order since it was entered. If Susan denies visitation in the future, she is subject to no worse sanction because of the contempt order than she would be for violating the original decree of dissolution. In Woolf v. Evans (1994), 264 Mont. 480, 483, 872 P.2d 777, 779, we held that "[c]ontempt of court is a discretionary tool used to enforce compliance with a court's decisions. The power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court." Woolf, 264 Mont. at 483, 872 P.2d at 779, (citing In re Marriage of Jacobson (1987), 228 Mont. 458, 464, 743 P.2d 1025, 1028).

In this case, the decision with which Susan must comply is first and foremost the original decree of dissolution and the incorporated separation agreement. Pursuant to the rule of law set forth in Woolf, a violation of the decree of dissolution subjects the violating party to a contempt citation. Therefore, the possibility of future contempt is present by the very nature of the decree of dissolution in this matter, regardless of the existence of the District Court's later contempt order.

As we stated in Bank of Roundup, when a party complies with a judgment to such

an extent that effective relief by an appellate court is impossible, that party's appeal is moot. See Bank of Roundup, 167 Mont. at 432-33, 539 P.2d at 724. Therefore, because Susan complied with the District Court's contempt order by reinstating visitation, we are not able to offer her any effective relief from that citation upon appeal. Nor are we able to effectively relieve Susan's concern about that part of the contempt order which requires that she comply with the provisions of the decree of dissolution "from this day forward" or be held in contempt. The very existence of the original decree of dissolution subjects her to this same potential sanction. Therefore, pursuant to the law as set forth in Bank of Roundup, 167 Mont. at 432-33, 539 P.2d at 724, we conclude that the issue of Susan's contempt is moot.

ISSUE 2

Did the District court err when it found that Susan is a hysterical, distressed mother with serious emotional problems?

The standard of review of a district court's findings and conclusions is whether substantial evidence supports those findings and conclusions. See State v. Sheppard (1995), 270 Mont. 122, 127, 890 P.2d 754, 757. Substantial evidence is the amount of relevant evidence which a reasonable mind might accept as adequate to support a conclusion. See Swandal Ranch Co. v. Hunt (1996), 276 Mont. 229, 235, 915 P.2d 840, 844. In this case, other than the District Court's personal impressions, there was no evidence to support the District Court's finding that Susan is a hysterical, distressed mother with serious emotional problems. These sorts of findings, when made part of a permanent record in a legal proceeding, necessarily require evidence in the form of a qualified professional opinion. We therefore conclude that the District Court erred by stating that finding on the record. Accordingly, we amend the District Court's findings to strike the court's statement that Susan is "a hysterical, distressed mother with serious emotional problems of her own."

ISSUE 3

Did the District Court err when it denied Susan's motion to modify custody?

We review a district court's findings related to custody or visitation modification to determine whether those findings are clearly erroneous. See In re Marriage of Elser (1995), 271 Mont. 265, 270, 895 P.2d 619, 622 (citing In re Marriage of Johnson (1994), 266 Mont. 158, 166, 879 P.2d 689, 694). In Elser, we said that "[f]indings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces it that a mistake has been made." Elser, 271 Mont. at 270, 895 P.2d at 622. If the

findings on which its decision are based are not clearly erroneous, this Court will reverse a district court's decision regarding modification of custody or visitation only when an abuse of discretion is demonstrated. See Elser, 271 Mont. at 270, 895 P.2d at 622 (citing In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723).

Since Susan presented no substantial evidence in support of modification, we conclude that the District Court's finding regarding modification is not clearly erroneous and that it did not abuse its discretion when it refused to modify the custody arrangement between Susan and Joseph.

The judgment of the District Court is, therefore, affirmed in part and reversed in part.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ WILLIAM E. HUNT, SR.
/S/ KARLA M. GRAY