FILED

July 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0549

DA 14-0549

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 191N

IN RE THE MARRIAGE OF:

MONICA KITZMILLER-KERUTIS,

       Petitioner and Appellee,

  and

BRIAN DAVID KERUTIS, SR.,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR 11-518
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Katherine P. Maxwell, Maxwell Law, PLLC, Kalispell, Montana

      For Appellee:

           Peter F. Carroll, Attorney at Law, Kalispell, Montana

                        Submitted on Briefs:  May 13, 2015
                                Decided:  July 1, 2015

Filed:

                                _____
                                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian Kerutis appeals from the dissolution decree issued by the Eleventh Judicial District Court, Flathead County, dissolving his marriage to Monica Kitzmiller-Kerutis and distributing their marital estate. We affirm in part, reverse in part, and remand for further proceedings.

¶3 We address the following issues on appeal:

*1. Did the District Court abuse its discretion by waiving the pretrial settlement conference?*

*2. Did the District Court abuse its discretion by declining to continue the proceedings?*

*3. Did the District Court abuse its discretion in dividing the marital estate?*

*4. Did the District Court abuse its discretion by awarding maintenance to Monica?*

*5. Did the District Court abuse its discretion by awarding attorney fees to Monica?*

*6. Did the District Court abuse its discretion by imposing sanctions on Brian?*

*7. Is Monica entitled to attorney fees for the cost of this appeal?*

¶4 Brian and Monica married in 1989 and separated in 2011. No children were born of the marriage. Brian had two children from a previous marriage, and Monica had a son, Jeffrey, from a prior relationship. Jeffrey has been diagnosed with paranoid schizophrenia and receives Social Security benefits. Jeffrey lives alone in a one-bedroom apartment, but relies on Monica for daily assistance.

¶5 Prior to their separation the parties lived in a mobile home located on a five-acre parcel in Bigfork. Monica continued to reside in the mobile home after the parties separated. Both parties consider the land to be Jeffrey's property because it was paid for with benefits from Social Security. However, the property is titled in the names of Monica and Brian.

¶6 On September 6, 2011, the District Court ordered the parties to hold a pretrial settlement conference pursuant to its authority under M. R. Civ. P. 16(a). On March 5, 2012, Monica moved for an order waiving the settlement conference. Before Brian had an opportunity to respond to Monica's motion, the District Court issued an order waiving the settlement conference and setting the matter for trial.

¶7 During the course of the dissolution proceedings, Monica was represented by attorney Gary Crowe. Brian elected to use the services of a paralegal, Jerry O'Neil. Brian testified that, shortly before trial, O'Neil informed Brian that he would be unable to represent Brian at trial because he was not a licensed attorney.

¶8   On May 23, 2012, the matter proceeded to a bench trial before the District Court. Almost two years later, on April 30, 2014, the District Court entered its findings of fact, conclusions of law, and dissolution decree, distributing the marital estate. Brian appeals.

¶9   *1. Did the District Court abuse its discretion by waiving the pretrial settlement conference?*

¶10   Brian argues the court abused its discretion by waving the pretrial settlement conference before he had an opportunity to respond to Monica's motion. M. R. Civ. P. 16(a) provides that a district court "may" order a pretrial conference to expedite the disposition of the action. We conclude that, because the decision to order the settlement conference was within the discretion of the court, the court's decision to waive the conference was likewise within the court's discretion. We affirm the District Court on this issue.

¶11   *2. Did the District Court abuse its discretion by declining to continue the proceedings?*

¶12   Brian contends the District Court should have continued the proceedings once O'Neil informed Brian that he would be unable to represent Brian at trial. Brian reasons that "[h]ad he been represented by an attorney who had withdrawn on the eve of trial as Mr. O'Neil did, Monica would have been required to give Brian the notice required by Section 37-61-405, MCA and U. Dist. Ct. R. 10., and the proceedings tolled until the notice requirements were met."

¶13   These provisions impose a duty on opposing counsel, whenever an attorney representing a party to an action withdraws or ceases to act as an attorney, "to make a

4

good faith effort, by written notice, both to notify the unrepresented party that he should retain counsel or appear in person and to notify the unrepresented party regarding the nature and timing of the next pending proceeding." *Quantum Elec. v. Schaeffer*, 2003 MT 29, ¶ 21, 314 Mont. 193, 64 P.3d 1026. However, Brian concedes O'Neil was not an attorney and, as a consequence, Brian did not have counsel of record and was not entitled to the protections provided by § 37-61-405, MCA, and M. U. Dist. Ct. R. 10. The District Court did not abuse its discretion by declining to continue the proceedings.

¶14 *3. Did the District Court abuse its discretion in dividing the marital estate?*

¶15 Section 40-4-202(1), MCA, states that in "a proceeding for dissolution of a marriage, . . . the court . . . shall . . . equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title to the property and assets is in the name of the husband or wife or both . . . ." A district court's apportionment of the marital estate "should be equitable in light of the net worth of the estate." *In re Marriage of Axelberg*, 2015 MT 110, ¶ 7, 378 Mont. 528, 347 P.3d 1225. However, a "net valuation by the district court is not always mandatory." *In re Marriage of Richards*, 2014 MT 213, ¶ 15, 376 Mont. 188, 330 P.3d 1193. Instead, the "test is whether the findings as a whole are sufficient to determine the net worth and to decide whether the distribution is equitable." *In re Marriage of Richards*, ¶ 15 (citation and quotations omitted). A district court has "broad discretion in determining the value of property in dissolution and is free to adopt any reasonable valuation of

5

marital property which is supported by the record." *In re Marriage of Richards*, ¶ 15 (citation and quotations omitted).

¶16 Brian makes several objections to the District Court's division of the martial estate, which we address in turn.

*A. Whether the court made sufficient findings for this Court to determine whether the parties' assets were equitably apportioned?*

¶17 Brian contends the District Court did not make findings that "would allow the Court to determine, without speculation, the value of the marital estate." He reasons that the court divided the property of the parties without determining the value of any of the property, and without providing an estimate of the parties' net worth.

¶18 Although the findings relating to the value of the marital estate were admittedly sparse, we conclude the District Court made sufficient findings for this Court to review whether the marital estate was equitably distributed. The court allocated only personal property. With respect to the apportionment of parties' assets, the trial transcripts reveal that Brian provided little testimony rebutting Monica's position on the ultimate disposition of the property. We affirm the District Court on this issue.

*B. Whether the court erred by declining to find that Monica's gambling dissipated the marital estate?*

¶19 Brian argues the District Court erroneously failed to find Monica's gambling dissipated the marital estate. Section 40-4-202(1), MCA, requires a district court to consider "dissipation of value of the respective estates" by one or both of the parties in its apportionment of the marital estate. At trial, Monica acknowledged gambling

6

difficulties. However, Monica's gambling difficulties occurred more than ten years prior to trial and Brian failed to offer evidence demonstrating the martial estate had been dissipated as a result of her activities. The District Court did not err by declining to find that Monica's gambling dissipated the marital estate.

*C. Whether the court erred in its division of Brian's 401(k) pension account?*

¶20 Brian argues the District Court erroneously ordered his 401(k) account to be divided between the parties based on its value as of the date of the dissolution decree, April 30, 2014. Brian contends that the appropriate date upon which to divide the 401(k) is the date of the trial, May 23, 2012. Brian reasons "[u]nder the unique circumstances of this case, it would be inequitable to divide the 401(k) at a date two years after the trial took place."

¶21 As a general rule, "the value of the marital estate should be determined at or near the time of dissolution." *In re Marriage of Swanson*, 220 Mont. 490, 495, 716 P.2d 219, 222 (1986). However, if the application of the general rule "would create an inequitable disposition, it is proper for the District Court to utilize a differing valuation date." *In re Marriage of Halverson*, 230 Mont. 226, 230, 749 P.2d 518, 521(1988).

¶22 We agree with Brian that it would be inequitable to divide the 401(k) using the date of the dissolution decree. Presumably, the 401(k) increased in value during the two year period between the trial date and the date of the decree. Thus, dividing the 401(k) based on its value as of the date of the decree would provide a windfall for Monica and unfairly reduce Brian's stake in the retirement plan. Given the lengthy delay between the

7

trial and decree, we conclude the District Court erred by using the date of the decree to divide Brian's 401(k).

   *D. Whether the court erred in failing to allocate all of the parties' real property?*

¶23   Brian argues the court erred by failing to apportion the five acres in Bigfork that the parties referred to as "Jeffrey's property." The court made no provision for the property's disposition, whether to either of the parties or one or both of them on Jeffrey's behalf. The court issued two incongruent findings of fact: (1) Brian and Monica "are listed owners" of the property, and (2) "that land is owned" by Jeffrey. The record reveals that the property is titled jointly in Brian and Monica's name. Thus, for purposes of § 40-4-202(1), MCA, the five acres in Bigfork belonged to both spouses. The District Court erred by failing to dispose of the property.

¶24   *4. Did the District Court abuse its discretion by awarding maintenance to Monica?*

¶25   Pursuant to § 40-4-203(1), MCA, a "court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

   (a) lacks sufficient property to provide for the spouse's reasonable needs; and
   (b) is unable to be self-supporting through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home."

Section 40-4-203(2), MCA, further provides that the "maintenance order must be in amounts and for periods of time that the court considers just, without regard to marital misconduct, and after considering all relevant facts, including:

8

(a) the financial resources of the party seeking maintenance, including marital property apportioned to that party, and the party's ability to meet the party's needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet the spouse's own needs while meeting those of the spouse seeking maintenance."

¶26 The District Court made sufficient findings under § 40-4-203, MCA, to support the award of maintenance. The court found that Monica "lack[ed] sufficient property to provide for her reasonable needs and she is unable to immediately support herself through appropriate employment." The court also considered the relevant factors listed in § 40-4-203(2), MCA. Specifically, the court found that Jeffrey "suffers from disabilities which require that [Monica] devote such time and attention to his needs thereby making it difficult to maintain fulltime employment"; "[u]pon graduation from her course of study, [Monica] will need an additional year of continuing education to further her skills and improve her employability"; and Brian's gross income for the six years preceding trial "has been not less than $95,000." Therefore, the court did not abuse its discretion in awarding Monica temporary maintenance payments.

9

¶27    5.    *Did the District Court abuse its discretion by awarding attorney fees to Monica?*

¶28    Section 40-4-110, MCA, gives district courts the discretion to award attorney fees in certain domestic relation matters.  The statute provides:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 and for professional fees, including sums for legal and professional services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

Section 40-4-110, MCA.  We have held that an award of attorney fees under § 40-4-110, MCA, "must be based on necessity, must be reasonable, and must be based on competent evidence."  *In re Marriage of Gingerich*, 269 Mont. 161, 168, 887 P.2d 714, 718 (1994).

¶29    We conclude there was sufficient evidence to support the District Court's award of attorney fees.  The court found that Monica was unable to pay her attorney fees, Brian had resources from which the fees could be paid, and Brian's income earning capacity was substantially greater than Monica's earning capacity.  We affirm the District Court's award of attorney fees.

¶30    6.  *Did the District Court abuse its discretion by imposing sanctions on Brian?*

¶31    We have explained that "contempt of court is a discretionary tool used to enforce compliance with a court's decisions."  *In re Marriage of Nevin*, 284 Mont. 468, 471, 945 P.2d 58, 60 (1997).  "The power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court."  *In re Marriage of Nevin*, 284 Mont. at 471, 945 P.2d at 60.

¶32 The District Court found that Brian removed a Polaris four wheeler from the parties' marital home in violation of the economic restraining order entered by the court. Based on our review of the record, we conclude the District Court's decision to hold Brian in contempt was not an abuse of discretion.

¶33 *7. Is Monica entitled to attorney fees for the cost of this appeal?*

¶34 Monica requests this Court to impose sanctions pursuant to M. R. App. P. 19(5) for an appeal taken without reasonable grounds. For the reasons stated herein, Brian had reasonable grounds for this appeal. We deny Monica's request for sanctions.

## CONCLUSION

¶35 As discussed herein, while we affirm the District Court's division of the marital estate generally, the lengthy delay in the issuance of the decision resulted in an inequitable date of division for the 401(k), which must be divided as of the date of trial. Further, the failure to distribute the five-acre property in Bigfork was error that also requires remand for entry of an amended judgment.

¶36 Out of concern that the parties suffer no further unnecessary delay in bringing this matter to a conclusion, we have determined to order the following schedule on remand: within 30 days after the issuance of remittitur, each party shall submit to the District Court their respective proposals for resolution of the two remanded issues, including proof of the value of the 401(k) at the time of trial, a proposed qualified domestic relations order, and a proposed distribution of the Bigfork property. Within 30 days thereafter, the District Court shall issue an amended judgment that resolves these issues.

¶37 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶38 We remand this matter for further proceedings consistent with this Opinion.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT