FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0647

DA 23-0647

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 267N

IN RE THE MARRIAGE OF:

LISA SWIFT,

      Petitioner and Appellee,

  v.

MATTHEW T. SWIFT,

      Respondent and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                  In and For the County of Gallatin, Cause No. DR-2023-1770
                  Honorable Andrew Breuner, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Robert K. Baldwin, Andrew N. Davis, Baldwin Law, PLLC, Bozeman,
              Montana

       For Appellee:

              CJ Cook, Pierce Teeuwen, Cook | Phelan Attorneys at Law, Bozeman,
              Montana

                     Submitted on Briefs:  July 17, 2024

                             Decided:  November 12, 2024

Filed:

                       _____
                              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Swift (Matthew) appeals from the October 5, 2023 Order After Hearing on Motion for Contempt and Cross-Motion for Injunctive Relief issued by the Eighteenth Judicial District Court, Gallatin County. The District Court's order came after a combined hearing on a contempt motion filed by Lisa Swift (Lisa) and an ex parte motion for injunctive relief filed by Matthew. We dismiss Matthew's appeal as moot and remand to the District Court.

¶3 Lisa and Matthew were married on October 15, 2020. Before the parties were married, Matthew owned Swift Delivery Services, Inc., MG Logistics, Inc., and Fleet Shop, LLC. Swift Delivery and MG Logistics each provided package delivery services for FedEx, while the Fleet Shop was an automotive maintenance shop which primarily serviced the Swift Delivery and MG Logistics vehicles. Lisa also operated her own cleaning service business prior to the marriage, Consider It Done. During the marriage, the parties started two businesses: Adventure Bound MT, LLC, and Ballistic Ammo Co. Adventure Bound, which was also serviced by the Fleet Shop, rented out its fleet of vehicles to customers through the Turo platform. Ballistic Ammo did not conduct any business and had no employees while the parties were married. Lisa filed a Verified

Petition for Dissolution of Marriage on April 10, 2023. Matthew was served with the summons, petition for dissolution, and automatic economic restraining order (AERO) on April 19.

¶4 On May 23, 2023, Lisa's counsel emailed Matthew's counsel a Motion for Contempt and Request for Emergency hearing, but did not file it with the District Court. Matthew filed a response to Lisa's motion for contempt on June 9, though Lisa's motion still had not been filed. On June 26, Lisa finally filed her motion for contempt with the court, along with a notice of service. That same day, Lisa also filed her Reply in Support of Motion for Contempt and Request for Emergency Hearing and Supplement to Motion for Contempt. On June 28, the District Court issued a Warrant for Contempt, Statement of the Charge and Notice of Hearing, setting a hearing for July 14, which was ultimately continued until September 8. The Statement of the Charge contended Matthew violated the AERO in four respects: (1) by causing Lisa to be removed from the business accounts of Adventure Bound, Ballistic Ammo, and Swift Delivery; (2) by interfering with Adventure Bound and directing the parties' mechanics to stop working on all Adventure Bound vehicles; (3) by failing to pay Lisa her $3,600 monthly payment for managing and operating the businesses; and (4) by moving, hiding, and selling business assets. On August 23, Matthew filed Respondent's Verified Ex Parte Motion to Order Petitioner to Return Business Funds and Reinstate Respondent's Access to Business Accounts, alleging Lisa took $7,000 from the Adventure Bound account, causing the account to be overdrawn and resulting in several vehicle loans being overdue. Matthew's motion requested the return of $7,000 to the Adventure Bound account, the removal of Lisa's signatory authority

3

for the Adventure Bound account, that Lisa reinstate his access to the Adventure Bound email account, and that Lisa reinstate his access to the Turo business account associated with Adventure Bound.

¶5 The District Court held a combined hearing on Lisa's contempt motion and Matthew's ex parte injunctive relief motion on September 8 and 12, 2023. During the September 8 portion of the hearing, the court heard the testimony of Jennifer Yost, a relationship banker at Opportunity Bank, and Leah Welsh, a bookkeeper at Strategic Accounting Solutions, who did bookkeeping for Swift Delivery, MG Logistics, Fleet Shop, and Ballistic Ammo. During the September 12 continuation of the hearing, the court heard the testimony of Matthew and Lisa.

¶6 The District Court issued its Order After Hearing on Motion for Contempt and Cross-Motion for Injunctive Relief on October 5, 2023. The order granted both Lisa's motion to hold Matthew in contempt of court and Matthew's motion for injunctive relief regarding his reinstatement to the Adventure Bound accounts.[1] Regarding contempt, the District Court's order required Matthew to either serve five days in jail beginning on November 5, 2023, or by November 4, 2023, (1) restore Lisa's access to any and all banking accounts to which he took action to block her access; (2) remove any and all impediments to Lisa's operation of Adventure Bound; (3) pay $10,800 to Consider It Done;

---

[1] In holding a hearing addressing both motions and issuing an order granting both motions, the District Court appeared to veer between its contempt powers and its injunctive relief powers without clearly delineating which power was being invoked. While it retains the power to issue orders under either, the court should be mindful to make clear which specific orders are being issued under the court's contempt powers.

(4) deposit $10,000 into the parties' joint checking account for Lisa's use; and (5) return any equipment to the parties' residential property for the maintenance of the parties' residence that was customarily kept at the residence for maintenance of the premises.

¶7 On November 2, 2023, Matthew filed a Notice of Appeal. That same day, he also filed Respondent's Emergency Motion for Stay, or in the Alternative, Postponement of Execution of Order, requesting the District Court stay execution of the contempt order pending appeal and asserting he "should not be forced to either submit to jailtime or pay tens of thousands of dollars" while the validity of the contempt order is reviewed. After Lisa filed a response brief on November 4, the District Court issued an Order Staying Execution of Contempt Order Pending Reply on November 6, staying execution of the order nunc pro tunc back to November 4. Matthew filed his reply brief on November 9. On November 15, the District Court issued its Order Re[:] Emergency Motion for Stay, or in the Alternative, Postponement of Execution of Order. The District Court denied Matthew's motion for stay, and allowed him to either clear the contempt or begin serving five days in jail by November 23, 2023. On November 17, Matthew filed Respondent/Appellant's Emergency Motion for Stay Pending Appeal in this Court, which we denied on November 21 because he did not obtain the requisite supersedeas bond.

¶8 On November 23, 2023, Matthew cleared his contempt by filing the Declaration of Matthew Swift in the District Court, asserting (1) Lisa had been reinstated to the banking accounts; (2) there were no impediments to Lisa's operation of Adventure Bound; (3) that he deposited $10,800 into the joint account to satisfy the Consider It Done payment; (4) that he deposited $10,000 into the parties' joint checking account; and (5) that he was not

5

in possession of any equipment customarily kept at the residence for maintenance of the premises that he could return to the property, noting Lisa had taken a business trailer, tractor, and excavator and kept them at locations undisclosed to Matthew.

¶9 A contempt order is ordinarily not subject to appeal; however, a limited exception exists for contempt orders issued in family law cases, "only when the judgment or order appealed from includes an ancillary order that affects the substantial rights of the parties involved." *In re Marriage of Marez & Marshall*, 2014 MT 333, ¶ 23, 377 Mont. 304, 340 P.3d 520 (quoting § 3-1-523(2), MCA); *see also* M. R. App. P. 6(3)(j). When a contempt order falls within this exception, we review the order to determine whether the district court acted within its jurisdiction and whether the evidence supports the contempt. *In re Marriage of Marez & Marshall*, ¶ 23 (citing *In re Marriage of Novak*, 2014 MT 62, ¶ 37, 374 Mont. 182, 320 P.3d 459).

¶10 "[W]hen a party complies with a judgment to such an extent that effective relief by an appellate court is impossible, that party's appeal is moot." *In re Marriage of Nevin*, 284 Mont. 468, 471, 945 P.2d 58, 61 (1997) (citation omitted). In this case, Matthew's appeal of the October 5, 2023 Order After Hearing on Motion for Contempt and Cross-Motion for Injunctive Relief is moot, because he complied with the District Court's order and cleared his contempt. Having been cleared by complying with the District Court's order, the October 5, 2023 contempt finding is moot and no longer justiciable on appeal as this Court cannot grant effective relief. *In re Marriage of Nevin*, 284 Mont. at 471, 945 P.2d at 61. We note that, since clearing his contempt and after filing an appeal to this Court, Matthew filed a Motion for Partial Relief from Order in the District Court, seeking an order pursuant

to M. R. Civ. P. 60(b) setting aside the Order After Hearing on Motion for Contempt and Cross-Motion for Injunctive Relief as well as the return of the $10,800 payment made to Consider It Done to clear his contempt.[2] The District Court denied the motion on the basis that it lacked jurisdiction to consider the issues raised while this appeal was pending. While we dismiss the present appeal as moot, we make no comment on Matthew's motion for partial relief, which he may renew as this matter is remanded back to the jurisdiction of the District Court.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

---

[2] The parties have also filed a litany of contempt motions and motions for injunctive relief in the District Court while this appeal was pending.